# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ABRAM VALDEZ, | Case No. 18-cv-224 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, | |
| Defendant. | |

This matter is before the Court on Plaintiff Abram Valdez's application seeking leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons discussed below, it is recommended that the IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Under Rule 8 of the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Valdez's complaint fails to state any actionable claim for relief because his complaint is almost completely blank. The Court is therefore unable to identify even the seed of a cause of action. Valdez has named the "Volkswagen 'Clean Diesel' Marketing, Sales Practices and Product Liability Litigation" as the defendant but does not make any allegations against that defendant anywhere in the complaint. Instead of factual allegations, Valdez has attached a number of bizarre and unrelated documents ranging from an excerpt from the Federal Register recognizing Jerusalem as the capital of Israel to local regulations regarding the impoundment of junk vehicles. ECF No. 1-1. Valdez has not, however, provided any factual context for the documents or any reason in the complaint for their inclusion. He appears to have simply bundled random documents to a blank complaint form and submitted it all as a federal lawsuit. This approach falls far short of the requirement that he "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Court will therefore recommend that this action be dismissed without prejudice for failure to state a claim.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Abram Valdez's application for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: March  13 , 2018            *s/ Tony N. Leung*
                                    TONY N. LEUNG
                                    United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).